UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HERIBERTO CANTERO PEREZ,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-04106 (AMO)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. Dkt. No. 1 at 10. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States in 1997 when he was 16-years old and has been living in the United States for the last 29 years. *Id.* ¶ 13. Outside of traffic infractions for driving without a license, Petitioner contends he has no criminal history—an allegation which Respondents do not dispute in opposing the petition. *Id.* ¶ 13. He does not allege having been detained by immigration authorities prior to his recent detention. On November 28, 2025, Petitioner was detained by ICE after he was pulled over by Florida Highway Patrol. *Id.* ¶ 14. He was served a Notice to Appear placing him in removal proceedings roughly a month later on January 5, 2026. *Id.* ¶ 15. Petitioner has remained detained since his arrest and has not been provided a bond hearing as Respondents maintain that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 5 at 2.

Following the conclusion of briefing on this petition, the Ninth Circuit—in accord with the majority of district courts across the country—held that § 1225(b)(2)(A) does not apply to noncitizens like Petitioner who are applicants for admission and were arrested in the interior of the

United States District Court
Eastern District of California

country. *Rodriguez Vazquez, v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"); *see also Salgado v. Warden, Golden State Annex,* No. 1:26-CV-03498-NW, 2026 WL 1354728, at *3 (E.D. Cal. May 14, 2026); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a), which requires that ICE obtain a warrant prior to arresting a noncitizen, and provides for the right for release on bond.

As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2)(A) and have not argued that Petitioner was lawfully detained under § 1226(a), nor presented any prima facie evidence that Petitioner would be a flight risk or danger to the community, the appropriate remedy is Petitioner's immediate release. *See, e.g., Piloto v. Warden, California City Correctional Center*, No. 1:26-cv-03488 (AMO), 2026 WL 1407949, at *3 (E.D. Cal. May 19, 2026); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger

United States District Court
Eastern District of California

to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner).

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seek to re-detain Petitioner, they must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

**IT IS SO ORDERED.**

Dated: July 30, 2026



ARACELI MARTÍNEZ-OLGUÍN
United States District Judge